EASTON MURRAY
POST OFFICE BOX 19125
TUCSON, ARIZONA 85731
In Propria Persona

FILED / RECEIVED / LODGED / COPY
AUG 1 5 2022
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

EASTON MURRAY

           Plaintiff,

vs.

STATE OF ARIZONA;

COUNTY OF PIMA;

OFFICE OF THE DISTRICT ATTORNEY;

JOSEPH MAZIARZ;

AMY THORSON;

BARBARA LAWALL;

CHRIS WARD,

           Respondents.

Case No.: CV-22-360-TUC-RM-PSOT

VERIFIED CIVIL COMPLAINT
(42 U.S.C. 1981 et, seq.)

## PARTIES

Easton Murray is the Plaintiff in the within action. At all times relevant to the claims made herein, Plaintiff was a resident of the State of Arizona, domiciled in Tucson, County of Pima, Arizona.

State of Arizona is a Defendant in the within action. At all times relevant to the claims made herein, Defendant State of Arizona was a fictitious entity formed by Public Trust, and incorporated on 14 February 1912.

County of Pima is a Defendant in the within action. At all times relevant to the claims made herein, Defendant Pima County was a fictitious entity formed by Public Trust, and located in the physical boundaries of State of Arizona.

Office of the District Attorney is a Defendant in the within action. At all times relevant to the claims made herein, Defendant Office of the District Attorney was a fictitious entity formed by Public Trust, and located in the physical boundaries of State of Arizona.

Joseph Maziarz is a Defendant in the within action. At all times relevant to the claims made herein, Defendant Maziarz was a resident of and domiciled in State of Arizona, and held the public office of General Counsel for the Office of the Attorney General, a Public Trust position.

Amy Thorson is a Defendant in the within action. At all times relevant to the claims made herein, Defendant Thorson was a resident of and domiciled in State of Arizona, and held the public office of Assistant Attorney General, a Public Trust position.

Barbara LaWall is a Defendant in the within action. At all times relevant to the claims made herein, Defendant LaWall was a resident of and domiciled in State of Arizona, and held the public office of County Attorney, a Public Trust position.

Chris Ward is a Defendant in the within action. At all times relevant to the claims made herein, Defendant Ward was a resident of and domiciled in State of Arizona, and held the public office of Deputy County Attorney, a Public Trust position.

All named Defendants are sued in their individual and professional capacities.

## JURISDICTION

This court has jurisdiction in the instant matter pursuant to sections 1331, 1332 and 1343 of Title 28 of the United States Code, as all parties to the within action are citizens of the United States, are residents of the State of Arizona, Plaintiff is a legal resident, and the violations of law and injury suffered occurred within the territorial jurisdiction of this court.

## STATEMENT OF FACTS

1. This is a civil rights action brought pursuant to section 1981 et. seq., of Title 42 of the United States Code.
2. On 16 December 2016 Plaintiff went to the home of Orean Carr, hereinafter Carr.
3. On 16 December 2016 while at the residence of Carr, a confrontation occurred and Carr attempted to take possession and control of the rifle carried by Claudius Murray.
4. In the struggle over control of the firearm, Carr was shot and suffered a minor, non-life-threatening wound to his leg.
5. Unaware that Carr had suffered any injury, Plaintiff and his brother left the Carr residence.
6. After twenty (20) minutes of walking around the residence, and going out onto his patio, Carr called for medical assistance.
7. As a result of the call described in paragraph 6, above, police arrived at the Carr residence and found Carr receiving treatment, and found the girlfriend of Carr, Taveen Taylor, hereinafter Taveen, attempting to conceal a bundle of marijuana on the couch.
8. Due to the odor of marijuana, and other items the officers found in plain sight, search warrants for the Carr residence and the vehicle owned by Carr were secured.
9. Upon the search warrant described in paragraph 8, above, being secured, a search of the Carr residence and vehicle were conducted.
10. During the searches described in paragraph 9, above, police found and secured a bundle of marijuana weighing eight (8) pounds, two (2) smaller packages of marijuana, scales, three (3) cellular phones, shipping and packing materials, and a shipping receipt showing a package had been shipped, weighing approximately eight (8) pounds from Tuscon Arizona to New Jersey a few days prior to the incident described in paragraph 3, above.
11. Carr was taken to the hospital where his wound was treated, and ultimately discharged.
12. During interviews with police, Carr and Taveen gave conflicting statements, and descriptions of the events, as well as claimed Plaintiff and his brother were responsible for the marijuana and paraphernalia found in the Carr residence.

13. Though police collected the evidence identified in paragraph 10, above, no testing or forensic study was made of the items.

14. The decision was made by Defendant LaWall and Defendant Ward not to notify any other law enforcement agency regarding the evidence of illicit activities found at the Carr residence.

15. The decision was made by Defendant LaWall and Defendant Ward not to conduct any testing or investigation into the evidence described in paragraph 10, above.

16. The decision was made by Defendant LaWall and Defendant Ward not to investigate the shipping records found in the vehicle of Carr.

17. The decision was made by Defendant LaWall and Defendant Ward not to inform Plaintiff, or counsel for Plaintiff, of the decisions described in paragraphs 14 through 17, above.

18. During the course of the investigation of the event described in paragraph 3, above, no evidence was discovered that linked Plaintiff to any of the contraband police discovered in the Carr residence.

19. During the course of the investigation of the event described in paragraph 3, above, no evidence was discovered that demonstrated Plaintiff knew of any of the contraband police discovered in the Carr residence.

20. For the crimes committed by Carr related to the contraband found in the Carr residence, Carr stood to receive up to 12.5 years in prison.

21. To secure the testimony of Carr against Plaintiff, the decision was made by Defendant LaWall and Defendant Ward to offer Carr immunity for his unlawful acts.

22. In addition to the immunity grant described in paragraph 21, above, the decision was made by Defendant LaWall and Defendant Ward to offer Carr assistance in securing parole from deportation proceedings for one year.

23. During the trial of Plaintiff and his brother, false testimony was solicited from Carr by Defendant Ward.

24. During the trial of Plaintiff and his brother, false claims were made by Defendant Ward regarding Plaintiff.

25. During the trial of Plaintiff and his brother, Defendant Ward chose to misrepresent the law as regards the reasonable doubt standard.

26. On 18 March 2021 the Supreme Court of Arizona found that Defendant Ward had, in point of fact, committed misconduct by misrepresenting the law on the reasonable doubt standard to the jury to secure the conviction of Plaintiff.

27. Based on the finding described in paragraph 26, above, the conviction of Plaintiff was declared to be unconstitutional and void.

28. On 19 May 2021 all formal allegations were dismissed against Plaintiff and his brother.

29. In November 2021 Plaintiff learned and was able to independently verify with the clerk of the court that the dismissal described in paragraph 28, above, had been amended to a dismissal with prejudice.

30. Due to the amendment described in paragraph 29, above, the declaration by the Supreme Court of Arizona, described in paragraph 26, above, became the final adjudication of the facts.

31. Based on the final adjudication of the facts described in paragraph 30, above, Plaintiff was unlawfully deprived of his liberty from 2 August 2018 to 12 April 2021, or 984 days (2.69 years, or 32.8 months).

32. Based on the final adjudication of the facts described in paragraph 30, above, Plaintiff was unlawfully confined in the County Jail and Department of Corrections from 2 August 2018 to 12 April 2021, or 984 days (2.69 years, or 32.8 months).

33. On 15 April 2022 a Notice of Claim was executed and served on Defendants by Plaintiff.

34. On 25 April 2022 an Amended Notice of Claim was executed and served on Defendants by Plaintiff.

35. The Notice of Claim described in paragraphs 33 and 34, above, gave notice to Defendants of the liability owed by Defendants to Plaintiff.

36. The Notice of Claim described in paragraphs 33 and 34, above, was timely as a period of just five (5) months had passed from the time Plaintiff learned the allegations had been dismissed with prejudice, and the time for the execution and service of the Notice of Claim.

37. Though the Notice of Claim was timely, the claim was made by Defendants that the claim had been sent to the Office of the Attorney General, and not to Risk Management.

38. No appeal or other administrative review exists or are available to Plaintiff for redress.

39. American jurisprudence has been long settled that it is unlawful to deprive a person of their liberty without proper of lawful authority to do so.

40. American jurisprudence has been long settled that it is unlawful for any person, regardless of position or influence, to deprive a person of their liberty based on false pretenses.

41. American jurisprudence has been long settled that it is unlawful for any person, regardless of position or influence, to deprive a person of their liberty based on false evidence.

42. American jurisprudence has been long settled that it is unlawful for any person, regardless of position or influence, to deprive a person of their liberty based on perjured testimony.

## CONTENTIONS
### I. VIOLATION OF CIVIL RIGHTS

43. Paragraphs 1 through 42, above, are incorporated herein by Plaintiff by this reference as though fully set out hereby.

44. The civil rights of every person within the United States are protected, and may not be trespassed against.

45. Among the civil rights vested in Plaintiff is the right to a fair trial.

46. Among the civil rights vested in Plaintiff is the right to participate in society.

47. Among the civil rights vested in Plaintiff is the right to be with and take care of family and children.

48. Among the civil rights vested in Plaintiff is the right to travel wherever Plaintiff may wish.

49. Among the civil rights vested in Plaintiff is the right to conduct personal affairs unmolested.

50. Among the civil rights vested in Plaintiff is the right to own and possess property.

51. Among the civil rights vested in Plaintiff is the right to be free of unlawful or unauthorized restraint.

52. Among the civil rights vested in Plaintiff is the right to contract.

53. At all times described herein the actions of Defendant Ward were overseen and approved by Defendant LaWall

54. The offer of immunity to a known drug trafficker by Defendant Ward was known of and approved by Defendant LaWall.

55. The decision to usurp the authority of the federal law enforcement agencies, i.e. FBI, INS, DEA, made by Defendant Ward was known of and approved by Defendant LaWall.

56. The acts described in paragraph 53 through 56, above, were concerted actions the purpose of which was to deprive Plaintiff of his civil rights.

57. The misrepresentation made of the law as relates to the reasonable doubt standard was a calculated act by Defendant Ward, the purpose of which was to deprive Plaintiff of his civil rights under color of law.

58. The misrepresentation made of the law as relates to the reasonable doubt standard was a calculated act by Defendant Ward, the purpose of which was to deprive Plaintiff of his liberty under color of law.

59. The civil rights of Plaintiff were trespassed against by the actions of Defendant Ward.

60. The civil rights of Plaintiff were trespassed against by the allowance by Defendant LaWall of the actions by Defendant Ward where there was an affirmative duty to forbid or prevent the acts by Defendant Ward.

61. Plaintiff was irreparably harmed by the inaction of Defendant LaWall.

62. Plaintiff was irreparably harmed by the action of Defendant Ward.

## II. BREACH OF FIDUCIARY DUTY

63. Paragraphs 1 through 62, above, are incorporated herein by Plaintiff by this reference as though fully set out hereby.

64. By virtue of the power and authority vested in public office as an agent of and for the People, a fiduciary duty is owed by Defendant LaWall to faithfully discharge the laws of the State of Arizona.

65. By virtue of the power and authority vested in public office as an agent of and for the People, a fiduciary duty is owed by Defendant LaWall to not attempt to usurp the laws of the State of Arizona.

66. By virtue of the power and authority vested in public office as an agent of and for the People, a fiduciary duty is owed by Defendant Ward to faithfully discharge the laws of the State of Arizona.

67. By virtue of the power and authority vested in public office as an agent of and for the People, a fiduciary duty is owed by Defendant Ward to not attempt to usurp the laws of the State of Arizona.

68. By virtue of the power and authority vested in public office as an agent of and for the People, a fiduciary duty is owed by Defendant Maziarz to faithfully discharge the laws of the State of Arizona.

69. By virtue of the power and authority vested in public office as an agent of and for the People, a fiduciary duty is owed by Defendant Maziarz to not attempt to usurp the laws of the State of Arizona.

70. By virtue of the power and authority vested in public office as an agent of and for the People, a fiduciary duty is owed by Defendant Thorson to faithfully discharge the laws of the State of Arizona.

71. By virtue of the power and authority vested in public office as an agent of and for the People, a fiduciary duty is owed by Defendant Thorson to not attempt to usurp the laws of the State of Arizona.

72. The law is enacted to protect and preserve the civil rights of the individual.

73. It is against the law to deprive an individual of their civil rights where no just cause for the deprivation exists.

74. It is against the law for agents of the government to participate in unlawful activities, among which are drug trafficking, perjury, kidnapping, false reporting, and using interstate commerce lanes for illicit activities.

75. The fiduciary duty owed by Defendant LaWall was breached by Defendant LaWall failing to ensure the laws of the State of Arizona and the United States of America were observed and respected.

76. The fiduciary duty owed by Defendant LaWall was breached by Defendant LaWall allowing the laws of the State of Arizona and the United States of America to be usurped causing Plaintiff to suffer irreparable harm.

77. The fiduciary duty owed by Defendant Ward was breached by Defendant Ward failing to ensure the laws of the State of Arizona and the United States of America were observed and respected.

78. The fiduciary duty owed by Defendant Ward was breached by the usurpation of the laws of the State of Arizona and the United States of America by Defendant Ward causing Plaintiff to suffer irreparable harm.

79. The fiduciary duty owed by Defendant Maziarz was breached by Defendant Maziaz failing to ensure the laws of the State of Arizona and the United States of America were observed and respected.

80. The fiduciary duty owed by Defendant Marziarz was breached by Defendant Marziarz allowing the laws of the State of Arizona and the United States of America to be usurped causing Plaintiff to suffer irreparable harm.

81. The fiduciary duty owed by Defendant Marziarz was breached by Defendant Marziarz defending the usurpation of the laws of the State of Arizona and the United States of America causing Plaintiff to suffer irreparable harm.

82. The fiduciary duty owed by Defendant Thorson was breached by Defendant Thorson failing to ensure the laws of the State of Arizona and the United States of America were observed and respected.

83. The fiduciary duty owed by Defendant Thorson was breached by Defendant Thorson allowing the laws of the State of Arizona and the United States of America to be usurped causing Plaintiff to suffer irreparable harm.

84. The fiduciary duty owed by Defendant Thorson was breached by Defendant Thorson defending the usurpation of the laws of the State of Arizona and the United States of America causing Plaintiff to suffer irreparable harm.

### III.   ABUSE OF AUTHORITY

85. Paragraphs 1 through 84, above, are incorporated herein by Plaintiff by this reference as though fully set out hereby.

86. An abuse of authority occurs where there is an arbitrary and capricious exercise of authority that is inconsistent with the mission of the executive agency concerned.

87. An abuse of authority also occurs where there is an arbitrary and capricious exercise of authority that is inconsistent with the successful performance of a contract or grant of such agency.

88. The term arbitrary means an act done based on random choice or personal whim, rather than any reason or system.

89. The term capricious means to be given to sudden and unaccountable changes of mood or behavior.

90. The authority vested in Defendant LaWall by the People of the State of Arizona requires an oath be taken and honored by Defendant LaWall

91. The oath described in paragraph 90, above, requires faithful observance and protection of the law.

92. The adherence to the oath described in paragraph 90, above, is a condition precedent to the having and holding of the authority vested in Defendant LaWall.

93. Any breach of the oath, and any act done in contradiction of the law, is an abuse of the authority entrusted in Defendant LaWall.

94. The authority vested in Defendant Ward by the People of the State of Arizona requires an oath be taken and honored by Defendant Ward

95. The oath described in paragraph 94, above, requires faithful observance and protection of the law.

96. The adherence to the oath described in paragraph 94, above, is a condition precedent to the having and holding of the authority vested in Defendant Ward.

97. Any breach of the oath, and any act done in contradiction of the law, is an abuse of the authority entrusted in Defendant Ward.

98. Plaintiff was made to suffer irreparable harm by the abuse of authority by the Defendants named herein.

## IV. CONSPIRACY AGAINST CIVIL RIGHTS

99. Paragraphs 1 through 98, above, are incorporated herein by Plaintiff by this reference as though fully set out hereby.

100. The duty is owed by Defendant LaWall, as County Attorney, and an elected official, to ensure that the rights of each citizen are honored and respected.

101. The duty is owed by Defendant LaWall, as County Attorney, and an elected official, to ensure that the laws are applied equally and judiciously.

102. The duty is owed by Defendant LaWall, as County Attorney, and an elected official, to ensure that all crimes be prosecuted to ensure the safety and wellbeing of the citizenry.

103. The duty is owed by Defendant LaWall, as County Attorney, and an elected official, to ensure that the constitutional protections are observed.

104. The duty is owed by Defendant LaWall, as County Attorney, and an elected official, to ensure that the constitutional protections are not trespassed against.

105. The duty is owed by Defendant Ward, as agent for the County Attorney, to ensure that the rights of each citizen are honored and respected.

106. The duty is owed by Defendant Ward, as agent for the County Attorney, to ensure that the laws are applied equally and judiciously.

107. The duty is owed by Defendant Ward, as agent for the County Attorney, to ensure that all crimes be prosecuted to ensure the safety and wellbeing of the citizenry.

108. The duty is owed by Defendant Ward, as agent for the County Attorney, to ensure that the constitutional protections are observed.

109. The duty is owed by Defendant Ward, as agent for the County Attorney, to ensure that the constitutional protections are not trespassed against.

110. It is unlawful for two or more persons to agree to injure an individual in the free exercise or enjoyment of his constitutionally protected rights.

111. It is unlawful for two or more persons to agree to threaten or intimidate an individual in the free exercise or enjoyment of his constitutionally protected rights.

112. It is a crime for a person acting under color of any law to deprive another of any right secured or protected by the Constitution of the United States of America.

113. On or about 16 February 2017 a conspiracy was formed between Defendant LaWall and Defendant Ward, the purpose of which was to secure the conviction of Plaintiff without regard for propriety, and by hiding facts and evidence germane to the question of actual guilt.

114. All acts done by Defendant Ward were overseen and approved by Defendant LaWall.

115. Approval of the acts and conduct of Defendant Ward by Defendant LaWall is an agreement to those same acts.

116. The approval of the immunity grant to Carr by Defendant LaWall is an overt act in furtherance of the conspiracy describe in paragraph 114, above.

117. The approval of the act of not charging Taveen Taylor for the participation in criminal activities is an overt act in furtherance of the conspiracy described in paragraph 114, above.

118. The approval of the act of not notifying federal law enforcement agencies regarding the clear evidence of interstate drug trafficking is an overt act in furtherance of the conspiracy described in paragraph 114, above.

119. The offer of immunity to Carr by Defendant Ward is an overt act in furtherance of the conspiracy described in paragraph 114, above.

120. The effort to secure the false testimony of Carr by Defendant Ward is an overt act in furtherance of the conspiracy described in paragraph 114, above.

121. The proffer of the false testimony of Carr described in paragraph, 67, above, is an overt act in furtherance of the conspiracy described in paragraph 114, above.

122. The failure or refusal by Defendant Ward to secure evidence readily available is an overt act in furtherance of the conspiracy described in paragraph 114, above.

123. The act if securing a one year parole from INS to the benefit of Carr by Defendant Ward, in order to further secure the false testimony of Carr, is an overt act in furtherance of the conspiracy described in paragraphs paragraph 114.

124. The duty to ensure justice and right are done is a duty owed by Defendant Joseph Maziarz.

125. The duty to ensure all civil right of every citizen are protected is a duty owed by Defendant Joseph Maziarz.

126. The duty to seek the release of citizens wrongly accused is a duty owed by Defendant Joseph Maziarz.

127. The duty to ensure justice and right are done is a duty owed by Defendant Amy Thorson.

128. The duty to ensure all civil right of every citizen are protected is a duty owed by Defendant Amy Thorson.

129. The duty to seek the release of citizens wrongly accused is a duty owed by Defendant Amy Thorson.

130. On or about 15 June 2019, the conspiracy described in paragraphs 114, was entered into by Defendant Joseph Maziarz.

131. On or about 15 June 2019, the conspiracy described in paragraphs 114, above, was entered into by Defendant Amy Thorson.

132. The filing of oppositional briefing, seeking to maintain the unlawful conviction and detainment of Plaintiff is an overt act by Defendant Amy Thorson in furtherance of the conspiracy described in paragraph 114, above.

133. The approval of the filing of oppositional briefing, seeking to maintain the unlawful conviction and detainment of Plaintiff is an overt act by Defendant Joseph Maziarz in furtherance of the conspiracy described in paragraph 114, above.

134. The concerted actions described in paragraph 114, above, evidence a conspiracy against the civil right of Plaintiff by and between all named Defendants.

## V. UNLAWFUL EMOLUMENT

135. Paragraphs 1 through 134, above, are incorporated herein by Plaintiff by this reference as though fully set out hereby.

136. Black's Law Dictionary defines an "emolument" as an "advantage, profit, or gain received as a result of one's employment or one's holding of office."

137. As each Defendant named herein held public office, and received compensation for said employment, each named Defendant received and emolument.

138. The emolument described in paragraph 137, above, was given to each Defendant named herein for the faithful performance of their official duty.

139. The emolument described in paragraph 137, above, was not given to each Defendant named herein to violate the law.

140. The emolument described in paragraph 137, above, was not given to each Defendant named herein to violate the constitution.

141. The emolument described in paragraph 137, above, was not given to each Defendant named herein to violate the oath of office taken by each Defendant.

142. As each Defendant named herein violated their fiduciary duty, as a public trustee, and unlawfully sought to deprive Plaintiff of his civil rights under color of law, and did so by their official office, for which the emolument is made, the said emolument was secured by fraud.

143. By the acts of each Defendant named herein accepting and collecting the emolument described in paragraphs 135 through 143, above, each named Defendant has been unjustly enriched by the unlawful acts taken against Plaintiff.

## RELIEF SOUGHT

Plaintiff seeks and is entitled to the following relief:

1. Trial by jury;
2. Monetary damages in the amount of three hundred million dollars ($300,000,000);
3. Punitive Damages in the amount of three hundred million dollars ($300,000,000);
4. Compensatory damages according to proof;
5. Order directing all government agencies to sanitize and remove any reference to the arrest or conviction of Plaintiff from current or active records;
6. Order directing all government agencies to sanitize and remove any reference to the arrest or conviction of Plaintiff from archive records;
7. Such other relief as the court may find just and proper.

Date: 15 August 2022                    Respectfully submitted,

                                        *[signature]*
                                        EASTON MURRAY
                                        Plaintiff

## VERIFICATION

I, Easton Murray, do hereby declare under the penalty of perjury by the laws of The State of Arizona, that the foregoing is true and correct, and as to the statements and allegations based on belief, I believe them to be true.

Date: 15 August 2022                Respectfully submitted,

*[signature]*

EASTON MURRAY

Plaintiff