**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Easton Murray, | No. CV-22-00360-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Joint Motion to Consolidate. (Doc. 24.)[1] Defendants ask that the above-captioned case be consolidated with a case filed by Plaintiff's brother, Claudius Murray, case number CV-22-00361-RM. (*Id.*)[2] Plaintiffs Easton Murray and Claudius Murray filed substantively identical Responses (Docs. 27, 28), and Defendants filed substantively identical Replies (Docs. 29, 30).

Defendants argue that the two cases arise out of the same facts and circumstances, as each plaintiff alleges identical civil rights violations by prosecutors in an underlying consolidated criminal matter. (Doc. 24.) Defendants further argue that consolidation will promote judicial economy because the discovery and witnesses in both cases will be identical. (*Id.* at 3-4; Docs. 29, 30.) Plaintiffs concede that their claims are similar but argue that each will require unique discovery, including the production of documents of a confidential nature to each plaintiff, such as medical or psychological treatment records

---

[1] Other pending motions will be resolved separately.
[2] Pursuant to Local Rule of Civil Procedure 42.1(b), the Court resolves the Motion to Consolidate in the case with the lowest case number.

and email communications regarding trial strategy and settlements. (Docs. 27, 28.)

Courts should construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Under Federal Rule of Civil Procedure 42, a court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). District courts have "broad discretion" under Rule 42 "to consolidate cases pending in the same district." *Invs. Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

Here, Plaintiffs raise identical claims premised on identical facts, seeking identical relief from identical defendants. Indeed, the Complaint in the above captioned-case is substantively identical to the one filed in CV-22-00361-RM. (*Compare* Doc. 1 in CV-22-00360-RM, *with* Doc. 1 in CV-22-00361-RM.) Accordingly, consolidation is appropriate under Federal Rule of Civil Procedure 42. Consolidation will save the parties and this Court the time and expense of duplicate filings, disclosures, discovery requests, depositions, and trials. Accordingly, consolidation is also appropriate in light of the concerns underlying Rule 1 of the Federal Rules of Civil Procedure.

The Court recognizes that the management of pro se, multi-plaintiff inmate litigation presents unique burdens to the parties and the Court. For one, each Plaintiff may appear on his own behalf but not on behalf of the other. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) (plain error to permit an inmate proceeding *pro se* to represent fellow inmates). During the prosecution of this action, each Plaintiff will be required to sign and submit his own motions and notices related to his claims, and each Plaintiff will be required to individually sign any motion or notice filed on behalf of both Plaintiffs. Security concerns related to inmate correspondence and face-to-face communications may limit Plaintiffs' ability to discuss case strategy, share discovery, or provide each other with copies of the motions and notices they file with the Court. However, Plaintiffs do not argue that concerns related to inmate correspondence and

communication will prejudice them if their cases are consolidated. Plaintiffs' concerns regarding confidential documents are manageable and do not preclude consolidation of these nearly identical actions.

Accordingly,

**IT IS ORDERED** that Defendants' Joint Motion to Consolidate (Doc. 24) is **granted**. The above-captioned case is consolidated with *Claudius Murray v. State of Arizona, et al.*, CV-22-00361-RM. All future filings shall be made in the consolidated matter under case number CV-22-00360-RM.

Dated this 13th day of March, 2023.

_____
Honorable Rosemary Márquez
United States District Judge